HONORABLE TANA LIN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **JORBIE KELLEY**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SAFEWAY INC.**, a Foreign Profit Corporation, and **DOES 1-10**, inclusive,<br><br>Defendant. | CASE NO. 2:26-cv-01980-TL<br><br>**STIPULATED MOTION TO MODIFY PUTATIVE CLASS DEFINITION**<br><br>NOTE ON MOTION CALENDAR: JULY 21, 2026 |


ACKERMANN & TILAJEF, P.C.
2602 N PROCTOR ST, STE 205
TACOMA, WA 98406
(253) 625-7720

**STIPULATED MOTION**

Plaintiff Jorbie Kelley ("Plaintiff") and Defendant Safeway Inc. ("Safeway") (Plaintiff and Safeway collectively, "the Parties"), by and through their attorneys of record, hereby stipulate as follows:

WHEREAS, on January 29, 2025, Plaintiff April Boren filed a putative class action against Safeway titled *April Boren, individually and on behalf of herself and all others similarly situated v. Safeway Inc.,* United States District Court for the Western District of Washington Case No. 2:25-cv-00182-LK, alleging claims for: (1) unpaid overtime under the FLSA and Washington Minimum Wage Act; (2) failure to provide rest and meal breaks and pay for missed break time; and (3) failure to provide accurate wage statements (hereafter, the "*Boren* Action");

WHEREAS, the *Boren* Action seeks to represent a putative class defined as "[a]ll hourly Department Managers, who worked over 40 hours in any workweek, and work or worked in Defendant's stores in Washington on or after three years prior to the filing of this complaint to the date of judgment in this action";

WHEREAS, on June 4, 2025, Plaintiff Jun Marvin Somera filed a putative class action against Safeway titled *Jun Marvin Somera, an individual, on behalf of himself and all others similarly situated v. Safeway Inc*., United States District Court for the Western District of Washington Case No. 2:25-cv-01251-TLF, and on June 10, 2026 filed the operative First Amended Complaint, alleging claims for: (1) failure to provide and compensate for meal periods; (2) failure to provide and compensate for rest periods; and (3) double damages for willful withholding of wages (hereafter, the "*Somera* Action");

WHEREAS, the *Somera* Action seeks to represent a putative Rest Break Class defined as "[a]ll hourly, non-exempt Safeway warehouse employees in Washington who were subjected to Safeway's productivity standards through the EXE warehouse-management system any time within the period beginning three years prior to the filing of this Complaint to the date of certification of the class" and a putative Meal Break Class defined as "[a]ll



ACKERMANN & TILAJEF, P.C.
2602 N PROCTOR ST, STE 205
TACOMA, WA 98406
(253) 625-7720

hourly, non-exempt Safeway warehouse employees in Washington who were subjected to Safeway's productivity standards and who worked a shift longer than 5 hours any time within the period beginning three years prior to the filing of this Complaint to the date of certification of the class";

WHEREAS, on May 4, 2026, Plaintiff filed the instant putative class action against Safeway titled *Jorbie Kelley v. Safeway Inc.* in King County Superior Court Case No. 26-2-14629-2 SEA, alleging claims for: (1) failure to provide and compensate for meal periods; (2) failure to provide and compensate for rest periods; (3) failure to pay overtime; and (4) double damages for willful withholding of wages;

WHEREAS, Plaintiff seeks to represent a putative class defined as "[a]ll hourly-paid, non-exempt individuals who worked for Defendant in Washington and/or at a Safeway store operated by Defendant in Washington, at any time from three years prior to the filing of the Complaint through the date of certification of the class by the Court";

WHEREAS, based on the putative class definition in Plaintiff's Complaint, a portion of Plaintiff's putative class are subsumed by the putative classes alleged in the *Boren* and *Somera* Actions;

WHEREAS, in order to conserve the resources of the Court, the resources of the Parties, and to avoid the risk of duplicative and inconsistent rulings, the Parties agree that Plaintiff's putative class definitions should be revised to exclude the putative class members whose interests are already being pursued in the *Boren* and *Somera* Actions;

WHEREAS, the putative "Class", as referenced in Plaintiff's Complaint, shall now be defined as: "All hourly-paid, non-exempt individuals who worked for Defendant in Washington and/or at a Safeway store operated by Defendant in Washington, excluding (1) hourly Department Managers who worked in Defendant's stores and who worked over 40 hours in any workweek, and (2) hourly, non-exempt warehouse employees who were subjected to Safeway's productivity standards through the EXE warehouse-management system, at any time from three years prior to the filing of the Complaint through the date of


ACKERMANN & TILAJEF, P.C.
2602 N PROCTOR ST, STE 205
TACOMA, WA 98406
(253) 625-7720

certification of the class by the Court";

WHEREAS, the Parties agree that this Stipulation shall have the same force and effect as though Plaintiff filed a First Amended Complaint to modify the aforementioned putative class;

WHEREAS, Safeway does not waive any of its rights or defenses, including any challenges it

may have to the Complaint, the propriety of class certification, or the putative class as defined herein, by way of this Stipulation. Safeway's agreement to the putative class as defined herein is solely to facilitate this Stipulation and shall not be construed as an admission that class certification is appropriate or for any other purpose.

**IT IS HEREBY STIPULATED**, by and between the Parties, by and through their respective counsel that:

1. The putative "Class", as referenced in Plaintiff's Complaint, is now defined as: "All hourly-paid, non-exempt individuals who worked for Defendant in Washington and/or at a Safeway store operated by Defendant in Washington, excluding (1) hourly Department Managers who worked in Defendant's stores and who worked over 40 hours in any workweek, and (2) hourly, non-exempt warehouse employees who were subjected to Safeway's productivity standards through the EXE warehouse-management system, at any time from three years prior to the filing of the Complaint through the date of certification of the class by the Court".

IT IS SO STIPULATED AND AGREED.

DATED this 21st day of July, 2026. ACKERMANN & TILAJEF, P.C.

By: */s/Craig J. Ackermann*
Craig J. Ackermann, WSBA No. 53330
Brian Denlinger, WSBA No. 53177
Avi Kreitenberg, WSBA No. 53294
Amanda Lutsock, WSBA No. 62831
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Telephone: (253) 625-7720

Facsimile: (310) 277-0635
cja@ackermanntilajef.com
bd@ackermanntilajef.com
ak@ackermanntilajef.com
al@ackermanntilajef.com

*Attorneys for Plaintiff and the Putative Class*

DATED this 21st day of July, 2026. MILLER NASH LLP

By: /s/KC Hovda

KC Hovda, WSBA No. 51291
Kc.hovda@millernash.com
Christopher J. Riley, WSBA No. 60730
Christopher.riley@millernash.com
605 5th Avenue S. Suite 900
Seattle, WA 98104
Telephone: 206.624.8300
Facsimile: 206.340.9599

*Attorneys for Defendant SAFEWAY INC.*

DATED this 21st day of July, 2026. REED SMITH LLP

By: /s/Tanner J. Hendershot

Mara D. Curtis, Cal. SBN 268869
(Admitted Pro Hac Vice)
Brittany M. Hernandez, Cal. SBN 299044
(Admitted Pro Hac Vice)
Tanner J. Hendershot, Cal. SBN 346841
(Admitted Pro Hac Vice)
515 S. Flower St., Suite 4300
Los Angeles, California 90071
Telephone: 213-457-8000
Facsimile: 213-457-8080
mcurtis@reedsmith.com
bmhernandez@reedsmith.com
thendershot@reedsmith.com

*Attorneys for Defendant SAFEWAY INC.*

## CERTIFICATE OF SERVICE

I, Jaclyn Blackwell, hereby certify and declare under penalty of perjury under the laws of the States of Washington and California that, on the 21st day of July, 2026, I caused to be electronically filed the foregoing Stipulated Motion to Modify Putative Class Definition, and the corresponding [Proposed] Order, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

KC Lynne Hovda
MILLER NASH LLP (SEA)
605 FIFTH AVE S
STE 900
SEATTLE, WA 98104
206-624-8300
Email: kc.hovda@millernash.com

*Counsel for Defendant*

Christopher J Riley
MILLER NASH LLP (PORTLAND)
1140 SW WASHINGTON ST
STE 700
PORTLAND, OR 97205
503-444-0161
Email: christopher.riley@millernash.com

*Counsel for Defendant*

Mara D. Curtis
Brittany M. Hernandez
Tanner Hendershot
REED SMITH LLP (LA)
515 S FLOWER ST
STE 4300
LOS ANGELES, CA 90071
213-457-8000
Fax: 213-457-8080
Email: mcurtis@reedsmith.com
Email: bmhernandez@reedsmith.com
Email: thendershot@reedsmith.com

*Counsel for Defendant*

///

I further certify that I mailed a true and correct copy of the foregoing to the following non-CM/ECF participant: N/A.

Dated this 21st day of July, 2026, at Beverly Hills, California.

*/s/Jaclyn Blackwell*
Jaclyn Blackwell
*Office Manager*
jb@ackermanntilajef.com